UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------------X

Y.J.R.R.,

        Petitioner,

v.

WARDEN, MOSHANNON VALLEY ICE PROCESSING CENTER; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

        Respondents.

Case No:

**PETITION FOR WRIT OF HABEAS CORPUS**

-----------------------------------------------------------------------X

## INTRODUCTION

    Petitioner Y.J.R.R., a native and citizen of Venezuela, brings this emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the legality of his current detention and to seek a stay of his imminent removal by U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is currently detained at the Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania, located within the jurisdiction of this Court. Petitioner was previously released from immigration custody under an Order of Supervision and was believed to be in compliance with all reporting requirements.

    At a presently unknown date, time, and location, Petitioner was suddenly and without prior notice taken into ICE custody. He was initially detained at Pike County Correctional Facility and subsequently transferred to Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania—before counsel had any opportunity to confer with him. As of this filing, there is

no pending case before the Immigration Court, and neither Petitioner nor his newly retained counsel has been provided with any removal order or explanation regarding the legal basis for his detention. Petitioner and his family have been informed that his deportation is imminent.[1]

Without access to counsel and under imminent threat of removal, Petitioner has had no meaningful opportunity to understand the basis of his detention, to review the existence or validity of any removal order, or to evaluate available defenses and forms of protection under U.S. and international law. On information and belief, ICE is increasingly treating civil immigration respondents—particularly those who entered without inspection or are deemed inadmissible under INA § 212—as criminal offenders, including through the practice of labeling such individuals as having "pending arrests" in the NCIC database. These measures not only stigmatize civil respondents but also risk depriving them of the procedural safeguards guaranteed in removal proceedings and, in this case, in habeas corpus review.

Petitioner's detention under these circumstances is presumed unlawful in the absence of a final order of removal, particularly where the government has afforded no opportunity for Petitioner to consult with counsel or to be meaningfully heard prior to his anticipated deportation. This Petition is filed to preserve the fundamentals of due process, including the constitutional right to representation, the right to be heard, and the right to judicial review before removal. Petitioner therefore seeks immediate intervention from this Court to stay his removal and permit consultation with counsel in order to safeguard his statutory and constitutional rights.

---

[1] On information and belief, ICE agents are detaining noncitizens for civil immigration violations and recording them in the NCIC database as having "pending arrests," including for grounds such as inadmissibility or entry without parole—effectively treating them as criminal offenders under current enforcement practices.

# PARTIES

1. Petitioner Y.J.R.R. is a native and citizen of Venezuela who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Moshannon Valley ICE Processing Center, located in Philipsburg, Centre County, Pennsylvania. Petitioner is in ICE custody under color of immigration authority and seeks relief through this petition for a writ of habeas corpus to challenge the legality of his detention and imminent removal.

2. Respondent Warden of Moshannon Valley ICE Processing Center is Petitioner's immediate custodian and is sued in his official capacity. The Warden is responsible for the day-to-day operation and oversight of the facility where Petitioner is confined and exercises legal and physical control over Petitioner.

3. Respondent Todd Lyons is the Acting Director of ICE. As the Senior Official Performing the Duties of the Director of ICE, Respondent Lyons is responsible for the administration and enforcement of the immigration laws of the United States. He routinely transacts business in Middle District of Pennsylvania, is legally responsible for pursuing removal of noncitizens including Petitioner, and is therefore a legal custodian of Petitioner. Respondent Lyons may be served at: ICE, Office of the Principal Legal Advisor, 500 12th Street SW, Mail Stop 5900, Washington, DC 20536-5900.

4. Respondent Kristi Noem is named in her official capacity as Secretary of the U.S. Department of Homeland Security. In this role, she has authority under Section 103(a) of the Immigration and Nationality Act, 8 U.S.C. § 1103(a), for the administration and enforcement of the immigration laws. She routinely transacts business in the Middle District of Pennsylvania and is a legal custodian of Petitioner. Respondent Noem may be served at: U.S. Department of

Homeland Security, Office of the General Counsel, 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485.

5. Respondent Pamela Bondi is the Attorney General of the United States and is sued in her official capacity. As head of the U.S. Department of Justice, she is responsible for oversight and enforcement of immigration law under 8 U.S.C. § 1103(g). She routinely transacts business in the Middle District of Pennsylvania and is a legal custodian of Petitioner. Respondent Bondi may be served at: U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## JURISDICTION & VENUE

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2241, Article I, §9, cl. 2 (the Suspension Clause) and Article III of the U.S. Constitution, the Administrative Procedure Act, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 (Declaratory Judgment).

7. An actual and justiciable controversy exists between the parties under 28 U.S.C. § 2201, and this Court has authority to grant declaratory and injunctive relief. Id. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651.

8. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 2241 and 28 U.S.C. § 1391. At the time this proceeding was initiated, Y.J.R.R. was detained at the Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania. The Petitioner has been and is presently detained at the direction of Respondent Todd Lyons, and a substantial part of the events giving rise to the claims and relevant facts occurred within this district.

**STATEMENT OF FACTS**

9. Petitioner Y.J.R.R. is a native and citizen of Venezuela who previously entered the United States seeking protection and was issued an Order of Supervision by U.S. Immigration and Customs Enforcement ("ICE") on or about March 27, 2024. Under that order, he was released from custody and required to comply with ongoing conditions, including periodic reporting. There is no indication he failed to comply with these requirements.

10. Petitioner was recently taken into ICE custody at an unknown date, time, and location. His family was not informed in advance, and the circumstances of his apprehension remain unclear.

11. Following his apprehension, Petitioner was reportedly transferred between facilities and is now detained at Moshannon Valley ICE Processing Center in Philipsburg, Centre County, Pennsylvania, where he remains in ICE custody.

12. Counsel was retained by Petitioner's family after his detention, but has not been able to speak with or meet Petitioner due to the swiftness of his transfer, ICE's failure to provide timely information regarding his whereabouts, and lack of procedural transparency.

13. To date, there is no pending matter before the Immigration Court involving Petitioner, nor has Petitioner or counsel received any documentation confirming the existence of a final order of removal. The legal basis for his detention remains unknown.

14. Petitioner's family has been informed that his deportation is imminent, raising grave concerns about removal without access to legal counsel or the opportunity to assert available forms of protection under U.S. and international law. The family has indicated that Petitioner fears return to Venezuela due to credible fear of persecution.

15. On information and belief, this case reflects a broader enforcement practice in which ICE agents detain noncitizens in the community—including those previously under supervision—and record civil immigration grounds such as inadmissibility or entry without parole in criminal tracking systems (e.g., NCIC) as "pending arrests." This effectively treats such individuals as criminal detainees and obstructs access to procedural protections ordinarily afforded not only in civil immigration proceedings, but those that would be guaranteed under the sixth amendment following detention after criminal arrest.

16. Due to these circumstances, and the absence of any known legal process or access to representation, Petitioner remains in detention under conditions presumptively unlawful and in direct violation of his rights to due process under the U.S. Constitution and applicable immigration laws.

### FIRST CLAIM FOR RELIEF

**(Violation of the Fifth Amendment – Procedural and Substantive Due Process)**

17. Petitioner incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. The Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of liberty without due process of law.

19. Petitioner was apprehended at an unknown location, without prior notice, and transferred between detention facilities before having the opportunity to consult with counsel. To date, he has not been served with any charging document, removal order, or explanation for his detention.

20. ICE's actions have deprived Petitioner of both procedural due process—by failing to provide notice or a meaningful opportunity to be heard—and substantive due process—by arbitrarily depriving him of liberty without a legitimate governmental interest.

21. These acts and omissions violate Petitioner's rights under the Due Process Clause of the Fourth, Fifth, and Sixth Amendments of the United States Constitution, and amount to cruel treatment in violation of the Eighth Amendment.

## SECOND CLAIM FOR RELIEF

**(Violation of the Sixth Amendment – Denial of Access to Counsel)**

22. Petitioner incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. The Sixth Amendment of the U.S. Constitution guarantees the right to counsel in proceedings where the government's actions may result in deprivation of liberty and where the government characterizes civil immigration arrests as akin to criminal enforcement through systems such as NCIC.

24. On information and belief, Petitioner's civil immigration status has been recorded in law enforcement databases as a "pending arrest," criminalizing his presence and subjecting him to the same enforcement architecture as criminal defendants.

25. Petitioner has been deprived of his right to timely access to counsel to evaluate his legal options, including potential claims for asylum, withholding of removal, or protection under the Convention Against Torture.

26. ICE's actions have effectively foreclosed Petitioner's ability to prepare or assert legal defenses to removal, in violation of the Sixth Amendment.

## THIRD CLAIM FOR RELIEF

### (Unlawful Detention in Violation of 28 U.S.C. § 2241)

27. Petitioner incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. Petitioner is presently detained without access to legal process, without evidence of a removal order, and without any opportunity to be heard in immigration proceedings.

29. In the absence of a final order of removal, pending removal case, or valid statutory authority for his confinement, Petitioner's continued detention is unlawful.

30. Habeas corpus relief under 28 U.S.C. § 2241 is warranted to secure his release from unlawful custody.

## FOURTH CLAIM FOR RELIEF

### (Request for Immediate Release Pending Adjudication)

31. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

32. This Court has the inherent authority to order the release of a habeas petitioner pending final adjudication where the petition raises substantial constitutional claims and extraordinary circumstances exist such that release is necessary to make the habeas remedy effective.

33. Petitioner has raised substantial claims involving violations of both procedural and substantive due process under the Fifth Amendment, denial of access to counsel under the Sixth Amendment, and unlawful detention under 28 U.S.C. § 2241.

34. Extraordinary circumstances exist here. Petitioner was abruptly taken into custody at an unknown time and location, swiftly transferred, and remains detained without any opportunity to consult with his attorney or challenge the legality of his detention or potential removal.

35. ICE's conduct has precluded Petitioner from accessing the very legal processes he must pursue to prevent refoulement to a country where he fears persecution. These circumstances make the grant of release necessary to ensure the efficacy of this habeas petition and to protect Petitioner's constitutional rights.

36. Petitioner respectfully requests that this Court grant his immediate release under reasonable conditions pending the resolution of this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and order Petitioner's immediate release from ICE custody;

2. Alternatively, order Petitioner's release pending adjudication of this Petition;

3. Enter an emergency stay of removal to prevent Petitioner's deportation during the pendency of this action;

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ *Robert C. Barchiesi*
Robert C. Barchiesi, II, Esq. [2]
PA Bar ID No. 328056
Barchiesi Law PLLC
1650 Market St., Ste 3600
Philadelphia, PA 19103
robert@barchiesilaw.com
(610) 674-9846
*Counsel for Petitioner*

---

[2] Admitted to the United States District Court for the Middle District of Pennsylvania